IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KEITH EDWARD ASHLOCK                                                        PLAINTIFF

     v.                                    Civil No.   13-6054

BRENT A. MILLER, Attorney;
DIDI SALLINGS, Director of the
Arkansas Public Defenders Commission;
BRENDAN DONAHUE, Prosecuting
Attorney; DUSTIN McDANIEL, Arkansas
Attorney General; LARRY SANDERS,
Sheriff of Garland County, Arkansas;
RAY HOBBS, Director, Arkansas
Department of Correction; JOHN FELTS,
Chairman of the Post-Prison Transfer Board
and Community Punishment; and MIKE BEEBE,
Governor of the State of Arkansas.  All
Defendants are sued in both their individual
and official capacities.                                              DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

     Plaintiff filed this case pursuant to 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis.*  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2013), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

     The matter is presently before me for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A.  For the reasons discussed below, this Court recommends that this action be summarily dismissed pursuant to Section 1915A and Section 1915(e)(2)(B).

-1-

## I. Background

According to the allegations of the complaint (ECF No. 1), Plaintiff was arrested on February 17, 2008, on a charge of possession of a controlled substance. His vehicle were searched. Although his vehicle was parked at a local restaurant, law enforcement official had it impounded/towed.

He was incarcerated in the Garland County Detention Center (GCDC). On June 9, 2008, he entered a plea of guilty/nolo contendere and was sentenced to a term of imprisonment of 120 months.

Brent A. Miller was the public defender assigned to his case. Plaintiff maintains Miller provided ineffective assistance of counsel by: failing to properly investigate the charge against Plaintiff; failing to maintain communications with the Plaintiff; and advising Plaintiff to take a plea agreement because "the last guy from California in here got (40) forty years." ECF No. 1 at pg. 17. Plaintiff maintains he would not have pled guilty if Miller had not made this statement. *Id.* at pg. 18. Plaintiff also believes Miller operated under conflict of interest as he "was a member of the prosecuting attorneys office while he acted as public defender in the Plaintiff's criminal case." *Id.* at pg. 15.

Didi Sallings was the Director of the Arkansas Public Defenders Commission and Plaintiff alleges she failed to ensure that all indigent defendants, including him, received adequate representation.

Brendan Donahue was the prosecuting attorney assigned to Plaintiff's case. Plaintiff alleges there was no probable cause to support the charge against him.

Plaintiff alleges that Dustin McDaniel, the Attorney General for the State of Arkansas, failed to ensure that the prosecuting attorneys and the criminal justice system handle matters correctly.

The Garland County Sheriff Larry Sanders is alleged to have failed to make sure the GCDC was operated appropriately.  As a result, Plaintiff alleges Sheriff Sanders provided the means for the Plaintiff's "illegal restraint/illegal incarceration."   ECF No. 1 at pgs. 19-20.

Plaintiff alleges that Ray Hobbs, Director of the Arkansas Department of Correction, is legally responsible for the operation of each state institution.  Plaintiff maintains that Hobbs provided the means for his illegal incarceration.

Plaintiff asserts that John Felts, Chairman of the Post Prison Transfer Board and Community Punishment, is responsible for the overall operation of the Arkansas State Parole Board.  Although Plaintiff sent Felts a notice of the violation of his constitutional rights, Plaintiff asserts that Felts took no action in response.

Finally, Plaintiff alleges that Mike Beebe, the Governor for the State of Arkansas, is legally responsible for the lawful overall operation of all government departments.  Plaintiff also states that Governor Beebe is responsible for the granting of commutations of time for prisoners in the Arkansas Department of Correction.

As relief, Plaintiff seeks a declaration that his rights were violated and compensatory damages and punitive damages for each day since his arrest on February 17, 2008.  He asks for any additional relief the court deems just, proper, and equitable.

**II. Discussion**

The Court must determine whether the claims asserted in the complaint are frivolous or malicious, fail to state claims upon which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988). Although "'detailed factual allegations are not required,'" a complaint must include enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. While *pro se* complaints are to be construed liberally, they must still allege sufficient facts to support claims asserted. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Upon review of the complaint, I conclude that this case is subject to dismissal. First, the claims are barred by the statute of limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case); *see also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Thus, any claims based on events that occurred in 2008, would be barred by the statute of limitations.

Plaintiff appears to be attempting to claim that the statute of limitations was tolled because of circumstances beyond his control. However, the circumstances listed stem primarily from his lack of education. He suggests that he did not learn of the constitutional right violations until February 21, 2013.

-4-

"[T]he issue of equitable tolling, like the underlying statute of limitations, is determined by reference to state law." *Montin v. Estate of Johnson*, 636 F.3d 409, 413 (8th Cir. 2011)(*citing Hardin v. Smith*, 490 U.S. 536, 539 (1989)).  Under Arkansas law, "[n]o mere ignorance on the part of the plaintiff of his rights, nor the mere silence of one who is under no obligation to speak," will prevent the statute of limitations from running.  *Norris v. Bakker*, 320 Ark. 629, 633 (1995)(internal quotation marks and citation omitted).

Second, with respect to the impounding of his vehicle, Plaintiff alleges no personal involvement on the part of any named Defendant.  A supervisor cannot be held liable on the theory of respondeat superior.  *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Plaintiff has not alleged any conduct or inaction on any of the Defendants' part was the cause of, or contributed to,  the impounding of his vehicle.  *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir.1996)("[A] supervisor may be held individually liable under § 1983 if he directly participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights.") (*citing Tilson v. Forrest City Police Dep't*, 28 F.3d 802, 806 (8th Cir. 1994)); *Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993)(section 1983 liability requires some personal involvement or responsibility).

Third, in *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings.  Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983.  *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

-5-

Fourth, the prosecuting attorney, Brendan Donahue, is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the defendant prosecuting attorney is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

Fifth, Plaintiff's claims that he was wrongfully arrested and wrongfully held, first in the GCDC and then in the ADC, are subject to dismissal. In *Baker v. McCollan*, 443 U.S. 137 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*
>
> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite

intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury

*Id.* at 145-46.

Sixth, Plaintiff's claims are not presently cognizable.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Plaintiff's conviction has not been called into question in anyway.

Seventh, Plaintiff brings claims against Didi Sallings, Attorney General McDaniel, Ray Hobbs, John Felts, and Governor Beebe based on their alleged failure to faithfully execute their duties of office and to uphold their oath of office thereby depriving him of his rights.  These claims are subject to dismissal.  These generalized allegations are simply insufficient to state a claim.  *See e.g., Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975).

### III. Conclusion

Accordingly, I recommend that the complaint be dismissed in its entirety as it is frivolous, fails to state claims upon which relief may be granted, or is not presently cognizable.  See 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b); *Heck v. Humphrey*, 512 U.S. 477 (1994).

**The Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of August 2013.

/s/ Barry A. Bryant
 HON. BARRY A. BRYANT
 UNITED STATES MAGISTRATE JUDGE